## SAMANTHA DURFEY

v.

## TOWN OF SOUTH BURLINGTON.

CHITTENDEN COUNTY, 1893.

Before : ROSS, CH. J., TAFT, MUNSON AND START, JJ.

*Pauper.    Promise to pay mother for support.    Consideration.*

The promise of a town to pay a mother for supporting her emancipated pauper son is upon a good consideration and binding.

Assumpsit.    Trial by jury at the September term, 1892, ROWELL, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The plaintiff claimed to recover for the support of her emancipated minor son, who was a helpless cripple by reason of an injury received some years before, and after becoming of age, and who was without means.    The pauper was supported in the plaintiff's family, of which his two brothers, both of age, were members.    It did not appear what the pecuniary ability of the plaintiff and her two sons was.

The defendant claimed that its promise to pay the plaintiff

for so supporting her son in her own family was without consideration and void, and moved the court to direct a verdict in its favor upon this ground. The court overruled the motion and the defendant excepted.

*T. E. Wales* and *W. L. Burnap* for the defendant.

The mother was under a legal liability to support her son. She did support him as a member of her family, and there is no consideration for the defendant's promise to pay her for such support.  Schouler Dom. Rel., 321 ; 2 Kent, 191-2.

*D. J. Foster* and *Seneca Haselton* for the plaintiff.

The town was under obligation to maintain this pauper, and might as well employ the mother as any one else to care for him.  R. L. ss. 1,814, 2,817 : *Walden* v. *Cabot*, 25 Vt. 522 ; *Weston* v. *Wallingford*, 52 Vt. 630 ; R. L. 2,818 ; *Holloway* v. *Boston*, 53 Vt. 300 ; *Danville* v. *Sheffield*, 50 Vt. 243 ; *Hardwick* v. *Pawlet*, 36 Vt. 320.

TAFT, J.  The defendant insists that there was no consideration for the contract, for the reason that the plaintiff was under an obligation to support the pauper, who was her emancipated son, and that being under that duty a request by her for aid could furnish no ground upon which to base the contract.  By common law no legal obligation rested upon the mother to support an emancipated child.  By statute a parent may be compelled to do so, if " of sufficient ability." R. L. s. 2,822.  This obligation can only be enforced in the manner prescribed by the statute.  It not appearing that the plaintiff was under an obligation to support her son, the contract was based upon a sufficient consideration.

*Judgment affirmed.*